NO. 07-04-0428-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 28, 2006
_____

IN THE INTEREST OF C.H., C.H. AND C.H., CHILDREN
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY

NO. 2002-518,450; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before CAMPBELL and HANCOCK, JJ.[1]

**CONCURRING OPINION**

I concur with the result of the majority opinion. However, my concurrence is the result of the failure of McCann to either claim surprise at the time the trial court made its initial ruling to allow the testimony in question or to request a continuance to investigate the information developed in the late filed discovery. See TEX. R. CIV. P. 193.6(a)(2), 193.6(c). Without the requisite claims by McCann, I cannot find that the trial court abused its discretion in allowing the testimony. Owens-Corning Fiberglass Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998).

---

[1] Don H. Reavis, Justice (Ret.), was on the panel that heard oral argument. He did not participate in the decision. TEX. R. APP. P. 41.1(b).

However, this case is a perfect example of the effect of allowing the exception to the rule of full disclosure, as required by Rule 193, to become the norm by not enforcing the language of the rule. TEX. R. CIV. P. 193.  In discussing the precursor to Rule 193, Justice Hecht stated, "To relax the good cause standard in Rule 215(5) would impair its purpose. Counsel should not be excused from the requirements of the rule without a strict showing of good cause."  Alvarado v. Farah Mfg. Co., Inc., 830 S.W.2d 911, 915 (Tex. 1992).  An attorney simply stating the fault was all mine does not address the requirements of the rule. However, the remedy, exclusion of the evidence, more especially in a child custody case where the "best interest of the children" is paramount, was something the trial court was not willing to do.  As I stated at the outset, I concur with the majority, but only because the action taken by McCann did nothing to assist the trial judge in addressing the remedy, for the failure to file answers to discovery, except by exclusion of the evidence.


                                  Mackey K. Hancock
                                  Justice


2